UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANA MCCARTHY,

                Plaintiff,

       – against –

**DOVID KAPLAN**, **GABRIEL CLAGUE**,
**SAMANTHA CLAGUE**, **HENRY GRANT**,
**SHOLOM LICHNER**, **SCHNEUR BOARON**,
**PEREL LISHNER**, and **BEREL LISHNER**,

                Defendants.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

24-CV-3286 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff filed this case in the United States District Court for the Southern District of New York ("SDNY") on December 29, 2023. (ECF No. 1.) On April 25, 2024, SDNY Chief United States District Judge Laura Taylor Swain transferred the action to this Court. (ECF No. 9.) The plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 8.) For the reasons explained below, the complaint is dismissed.

## BACKGROUND

### I. Factual Background[1]

The plaintiff alleges that the defendants[2] "[had] sex with minors and travel[ed] abroad to engage in sex with minors." (ECF No. 1 at 6.)

---

[1] The facts are drawn from the complaint and the plaintiff's other submissions in this case, including her motions for a preliminary injunction and other court intervention. (ECF Nos. 1, 2, 4, 5, 6.) A court may consider allegations that appear in a *pro se* plaintiff's motion papers or other submissions to the Court as well as in her pleadings. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

[2] In the complaint and other submissions, the plaintiff uses different spellings for the defendants, including "Dovid" or "Dovy," "Grant" or "Grand," "Boaron" or "Boarom," "Berel" or "Berril," and "Lichner" or "Lishner."

According to the plaintiff, in June 2020, the defendant Schneur Boaron sexually assaulted her minor daughter SSM "at a park in Crown Heights" and SSM "has refused to convey the details" of the assault. (ECF No. 1-2 at 1.) The plaintiff asserts that Boaron subsequently threatened the plaintiff after the Special Victim's Unit started investigating him, although she does not describe those threats. (*Id.* at 1–2.) The plaintiff alleges that Boaron then contacted another of her minor daughters, RJM, via Instagram and offered to "distribute drug cigarettes" to her. (*Id.* at 2.) He also "took [RJM] and she was missing and unaccounted for four hours." (*Id.*) The plaintiff alleges that she attended a party "set up" by Boaron, and that Boaran "used the third floor of the residence" where the party was held to "lure underage minors/teens for sex." (*Id.*)

The plaintiff also claims that the defendant Berel Lishner sexually assaulted RJM. (*Id.*) According to the plaintiff, "[t]he police went to [Lishner's] residence, but he and his parents . . . refused to open the door." (*Id.*) The plaintiff does not specify where or when these events occurred.

The plaintiff alleges that on December 12, 2023, the defendant Gabriel Clage took RJM from the plaintiff's residence in Israel and that Clage and the defendant David Kaplan "trafficked" RJM. (*Id.* at 3.) The plaintiff does not provide further details about this incident.

The plaintiff names additional defendants in the caption but does not specify what they did. (ECF No. 1-2.) She states that "[u]pon acceptance of sealing the file, [she] could release the exhibits" that would show "beyond reasonable doubt that the men listed here committed grave sex offenses against minors." (*Id.* at 4.)

**II.    Procedural Background**

The plaintiff filed the complaint in the SDNY on December 29, 2023. (ECF No. 1.) On January 9, 2024, she filed a motion to amend her complaint, requesting to add Suzy Grand — defendant Henry Grand's mother — as a defendant. (ECF No. 2 at 1–2.) The plaintiff alleges

2

that Suzy Grand and other members of Henry Grand's family asked the plaintiff "to give [her] minor daughter RJM in marriage" to Henry Grand.  (*Id.* at 2–3.)[3]

On January 28 and 29, 2024, the plaintiff filed two motions for preliminary injunctions to enjoin different people, including some of the defendants, from "contacting the [p]laintiff's children or third parties."  (ECF No. 4 at 1; ECF No. 5 at 1.)  The January 28, 2024 motion names Berril Lishner, Perel Lishner, and Sholom Lishner — all defendants in this action — and alleges that one of these defendants, although the plaintiff does not specify which one, had sex with "a homeless minor child."  (ECF No. 4 at 1.)  The January 29, 2024 motion names "Henry Grand, Susan Grand, Hillel Grand (cousin), Suzy (cousin), Daniel Grand and others in contact," and it alleges that Henry Grand engaged in sexual relations with the plaintiff's minor daughter and that his family members "promote[d], sponsored, [and] financed the sexual abuse[] of a minor."  (ECF No. 5 at 4.)  Only Henry is a named defendant in this action.

On January 31, 2024, the plaintiff filed an "Emergency Motion Request for Federal Judicial Intervention/ Habeas Corpus/ Writ of Mandamus."  (ECF No. 6.)  In this submission, the plaintiff alleges that the defendant Gabriel Clage "kidnapped" RJM in Israel on December 12, 2023, and that Israeli authorities have not assisted the plaintiff in her efforts to be reunited with her daughter.  (*Id.* at 1–2.)  She requests the Court's assistance in returning RJM to the plaintiff's custody and providing medical and mental health care.  (*Id.* at 2.)

---

[3] Some of the plaintiff's submissions are labeled "Proposed Sealed Filing."  (*See* ECF No. 1; ECF No. 2.)  Access to these documents was restricted to case participants and court users.  Rule 5.2 of the Federal Rules of Civil Procedure requires the redaction of submissions containing certain personal identification information and the full names of minors.  Fed. R. Civ. P. 52.2(a).  It appears that each of the filings in this action conforms to this Rule.  Accordingly, the Court finds that restriction, rather than sealing, is better suited to these circumstances.

On April 25, 2024, Judge Swain transferred the action to this Court because "a portion of the alleged events giving rise to [the plaintiff's] claims occurred in Brooklyn," and "some of the Defendants reside in Brooklyn." (ECF No. 9 at 2.)

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to provide a short, plain statement of her claim against each defendant so that they have adequate notice of the claims against them. *See id.* at 677–78. A pleading that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). To satisfy this standard, a complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (citation omitted). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Chapman v. U.S. Dep't of Justice*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a district court must dismiss an *in forma pauperis* action if the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

### I. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(h)(3), a court must dismiss an action if it does not have subject matter jurisdiction. It is the plaintiff's burden to establish that the court has subject matter jurisdiction over the action. The plaintiff may show that there is federal question jurisdiction, meaning that her claim is based in federal law, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332. Diversity jurisdiction requires complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy must exceed $75,000. *Id.* § 1332.

Here, the plaintiff asserts that the Court has diversity jurisdiction over this action, but the complaint demonstrates that there is not complete diversity of citizenship. The plaintiff is a citizen of New York (ECF No. 1 at 2), and while she did not provide the residence of every defendant, she claims that some of them are also citizens of New York (ECF No. 1-3 at 2). Complete diversity of citizenship therefore does not exist between the plaintiff and the defendants, and the Court does not have diversity jurisdiction over this action.

The plaintiff also invokes federal question jurisdiction, asserting claims under the United States Criminal Code. (*See* ECF No. 1-2 at 3–4.) Only two of the criminal statutes the plaintiff

5

cites expressly include private causes of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (violations of the United States Criminal Code may not serve as the basis for a civil cause of action unless the criminal statute includes an express or implied private right of action). The plaintiff cites a section of the Trafficking Victims Protection Act ("TVPA") (ECF No. 1-2 at 3), which allows "[a]n individual who is a victim of a violation of [the TVPA] [to] bring a civil action against the perpetrator." 18 U.S.C. § 1595(a). The plaintiff also cites a section of the Child Abuse Victims' Rights Act ("CAVRA") (ECF No. 1-2 at 3), which provides a private right of action for "[a]ny person who, while a minor, was a victim of a violation of [18 U.S.C. §§ 2251, 2260, or 2423]" and "who suffers personal injury as a result of such violation." 18 U.S.C. § 2255(a).

These statutes do not provide federal question jurisdiction over this action because the plaintiff does not allege that she is "the victim" of a violation of the TVPA; rather, she alleges that her daughters were victims. (ECF No. 1-2 at 1–4); *see* 18 U.S.C. § 1595(a). But the plaintiff cannot bring this case on her children's behalf, nor can she represent them, as Judge William Kuntz explained when he dismissed the plaintiff's lawsuit seeking medical services and Social Security benefits for her minor children. *See McCarthy v. Azar*, No. 19-CV-6683, 2020 WL 1697995, at *1 & n.1 (E.D.N.Y. Apr. 7, 2020) ("[A] non-attorney parent cannot appear on behalf of his or her child." (first citing *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005); and then citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998))).[4] The same is true in this case. Accordingly, this Court does not have federal question jurisdiction.

---

[4] In order to proceed on any claims for her minor daughters, the plaintiff must obtain counsel or her daughters may bring the claim themselves when they have reached the age of majority. *See* 18 U.S.C. § 1595(c)(2) (providing an extended statute of limitations for the TVPA, permitting victims to bring claims within 10 years after reaching 18 years of age, if the victim was a minor at the time of the alleged offense); 18 U.S.C. § 2255(b) (providing that "[t]here shall be no time limit for the filing of a complaint commencing an action under [the CAVRA]").

## II. Standing

Relatedly, the plaintiff does not have standing to bring suit. A plaintiff seeking to invoke the Court's jurisdiction must establish that she has standing, which requires her to demonstrate that she has suffered a "concrete and particularized injury." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* (internal quotation marks and citations omitted). A plaintiff who raises "only a generally available grievance about government" and seeks "relief that no more directly and tangibly benefits [her] than it does the public at large" has not sufficiently alleged standing. *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992)).

The plaintiff also does not have standing to bring claims under the TVPA or the CAVRA, the only two statutes the plaintiff cites which provide private causes of action. As discussed, the plaintiff does not allege that she is the victim of any crimes, only that her daughters were victims. *See TransUnion*, 594 U.S. at 423. And as a *pro se*, non-attorney plaintiff, she cannot bring these claims on behalf of her daughters. *McCarthy*, 2020 WL 1697995, at *1 & n.1.

## III. Sufficiency of the Pleadings

For the same reasons discussed above, the plaintiff's claims do not state a claim to relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. Because the plaintiff does not allege her own TVPA or CAVRA claims, and cannot bring them on behalf of her daughters, this Court must dismiss her action for failing to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

### IV. Injunctive Relief

The Court cannot grant the plaintiff's motions for injunctive relief based on her allegations that the defendants have violated state and federal criminal laws. Private citizens do not have the power to instigate prosecutions of alleged crimes. The decision to investigate or prosecute a person violating a federal criminal statute is left to the discretion of the federal law enforcement agencies, including the United States Attorney's Offices. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (the decision whether or not to prosecute and what charge to file or bring before a grand jury rests entirely in the prosecutor's discretion); *Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). This Court cannot compel prosecutors to investigate or prosecute anyone, including the defendants that the plaintiff names in this case. *See Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990). Accordingly, the plaintiff's motions for injunctive relief and judicial intervention are also denied.

## CONCLUSION

For these reasons, the plaintiff's claims are dismissed for lack of subject matter jurisdiction, lack of standing, and failure to state a claim.  Accordingly, the plaintiff's claims are dismissed without prejudice.  *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

The plaintiff's motion to amend the complaint (ECF No. 2) is dismissed as futile.  Generally, a court should grant a *pro se* plaintiff leave to amend "[i]f a liberal reading of the pleading 'gives any indication that a valid claim might be stated.'" *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 125 (E.D.N.Y. 2011) (citations omitted).  However, "leave to amend may properly be denied if the amendment would be futile." *Monbo v. Nathan*, 623 F. Supp. 3d 56, 143 (E.D.N.Y. 2022) (citation omitted).  An amendment is futile when, as a matter of law, it "would fail to cure prior deficiencies." *Id.*  Where the deficiencies are substantive rather than merely the consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied. *Id.* at 144.  "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.'" *Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020) (citations omitted).  An amendment cannot reasonably be expected to cure the substantive defects that require dismissal now — lack of subject matter jurisdiction, lack of standing, and failure to state a claim — so granting leave at this juncture would be futile.

The plaintiff's motions to seal the motion to amend (ECF No. 3), for injunctive relief (ECF Nos. 4, 5), and for judicial intervention (ECF No. 6) are also denied.

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully requested to enter judgment and send a copy of this Memorandum and Order and the judgment to the plaintiff and to note service on the docket.

**SO ORDERED.**

s/Ann M. Donnelly<br>ANN M. DONNELLY<br>United States District Judge

Dated: Brooklyn, New York
       June 6, 2024